UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LANERRICK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00899 |
| | ) | Judge Sharp |
| v. | ) | |
| | ) | |
| JEREMY WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

# M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Rutherford County Detective Jeremy Weaver in his official and individual capacities. (Docket No. 1). The plaintiff alleges that, by conducting an unreasonable search, the defendant initiated a chain of events that resulted in the plaintiff being wrongly convicted in state and federal courts. The plaintiff seeks compensatory and punitive damages for the four years he spent in correctional institutions prior to the Sixth Circuit's reversal of the district court's opinion denying the plaintiff's motion to suppress. (*Id.* at p. 6).

## I. Standard of Review for *Pro Se* and *In Forma Pauperis* Complaints

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

1

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## II.   Section 1983 Standard

The plaintiff alleges two claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.   Analysis

Lanerrick Johnson was charged with several courts of possessing counterfeit securities and fraudulent identification documents. The district court denied his motion to suppress evidence obtained during a residential search. He pled guilty on all counts, but his plea agreement preserved his right to appeal the denial of his motion to suppress. He was sentenced to serve forty-five (45) months in prison. Johnson appealed the district court's denial of his motion to suppress. On August 29, 2011, the Sixth Circuit determined that the evidence seized was the fruit of an unreasonable search and reversed the district court's denial of the suppression motion. *United States v. Lanerrick Gerrod Johnson*, No. 3:09-6461 (6th Cir. Aug. 29, 2011).

The United States sought and obtained the dismissal of the indictment against Johnson after the Sixth Circuit's decision because "the inability of the Government to use the now suppressed evidence result[ed] in the Government lacking sufficient evidence to warrant its continuing prosecution in this case." (Docket Nos. 67, 69 in Case No. 3:08-cr-00202).

Johnson now alleges in this Section 1983 action that Detective Weaver's unreasonable search "initiated a chain of events that resulted in Mr. Johnson being convicted in both state and federal courts. As a consequence, the plaintiff has served over four years of his life in correctional institutions." (Docket No. 1 at p. 6). Johnson alleges that Detective Weaver's knowing actions violated the plaintiff's constitutional rights under the Fourth Amendment, and the plaintiff is entitled to monetary compensation for Detective Weaver's actions.

The court finds that the plaintiff has stated at least one non-frivolous claim under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Here, the plaintiff has demonstrated that the search by Detective Weaver resulting in Johnson's conviction and sentence has been overturned by the Sixth Circuit Court of Appeals. Thus, the plaintiff may proceed with his Section 1983 claim premised on the unconstitutional search by Detective Weaver.

## IV. Conclusion

For these reasons, the court finds that the complaint states at least one colorable claim under § 1983.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge