IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LANERRICK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-00899 |
| | ) | Judge Sharp / Knowles |
| v. | ) | |
| | ) | |
| JEREMY WEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Judgment on the Pleadings. Docket No. 19. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 20. Defendant argues that this action is untimely filed because Plaintiff waited five years to file suit alleging unreasonable search and seizure, when there is a one year statute of limitations for 1983 actions in Tennessee. *Id.*

Plaintiff has filed a Response, arguing that this action is timely because he filed it within one year after the Sixth Circuit ruled that the search in question was, in fact, unreasonable. Docket No. 21. Plaintiff concedes that this action is subject to a one year statute of limitations, but argues that the clock did not begin to run until he learned of the Sixth Circuit's ruling in his case. *Id.*

Defendant has filed a Reply, arguing that the case law upon which Plaintiff relies has been superseded by subsequent case law in both the U.S. Supreme Court and the Sixth Circuit. Docket No. 22. Defendant contends that the current case law states that the statute of limitations begins to run upon completion of the search, and not when a Court rules on its validity. *Id.*

1

Plaintiff filed this pro se, in forma pauperis action on August 30, 2012, alleging that Defendant violated his Fourth Amendment rights during an October 30, 2007 search of his home. Docket No. 1. Plaintiff sues Defendant in both his individual and official capacities. *Id*. Plaintiff seeks compensatory and punitive damages. *Id.*

The facts relevant to the instant Motion are as follows: On October 30, 2007, Defendant participated in the search of a home where Plaintiff was residing. *Id.* Several pieces of evidence were seized during that search and used to charge Plaintiff with various crimes in state and federal court. *Id.* Regarding his federal charges, Plaintiff filed a Motion to Suppress the evidence obtained in the October 30, 2007 search, but the District Court denied the Motion to Suppress. *Id.* Thereafter, Plaintiff pled guilty to all seven counts in the indictment, but preserved his right to appeal the denial of his Motion to Suppress. *Id.* On August 29, 2011, the Sixth Circuit ruled that the October 30, 2007 search was unreasonable, and reversed the District Court's denial of Plaintiff's Motion to Suppress. *Id.* Plaintiff filed this action on August 30, 2012. *Id.*

The parties are in agreement that this action is subject to a one year statute of limitations. See Dockets Nos. 20, 21. The issue before this Court is when the statute began to run. While both parties agree that the statute of limitations begins to run when Plaintiff knows or has reason to know of the injury which forms the basis of his Complaint, Plaintiff contends that the clock began on August 29, 2011, when the Sixth Circuit deemed the October 30, 2007 search unreasonable, while Defendant contends that the clock began back in 2007, upon the conclusion of the search. *Id.*

The relevant case law of both the U.S. Supreme Court and the Sixth Circuit has evolved, particularly since 1994, when the Supreme Court rendered its decision in *Heck v. Humphrey,* 512

2

U.S. 477 (1994). In *Heck* the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 1983 plaintiff must prove that the conviction or sentence has been set aside. 512 U.S. 477, 486-87. The *Heck* Court explicitly noted that a claim for damages "bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983." *Id.* Post *Heck*, the Sixth Circuit held that where a 1983 claim would imply the invalidity of a future conviction, the statute of limitations would not begin to run until the criminal charges were dismissed. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999).

In 2007, in *Wallace v. Kato*, the Supreme Court changed course and explained that:

> the *Heck* rule for deferred accrual is called into play only when there exists "a conviction or sentence that has not been . . . invalidated," that is to say, "an outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn.

549 U.S. 384, 393-94 (2007).

The *Wallace* Court held that the statute of limitations in that Fourth Amendment 1983 action began to run when the petitioner was detained, not when his charges were dismissed. *Id.*, at 397. Clarifying that the *Heck* bar has no application in a pre-conviction situation, the holding in *Wallace* became the controlling law in situations like the case at bar, where there is no existent conviction at the time of filing a §1983 action.

Noting that the holding in *Wallace* effectively abrogated its prior holding in *Shamaeizadeh*, the Sixth Circuit also changed course and held that the statute of limitations in a Fourth Amendment §1983 action begins to run at the time the plaintiff is detained, and not the

3

date the charges against him were dropped. *Fox v. DeSoto*, 489 F.3d 227, 233-34 (6th Cir. 2007).

Although Plaintiff in the instant case argues that the law of *Heck* and *Shamaeizadeh* supports his position that the statute of limitations did not begin to run until after the Sixth Circuit ruled in his favor that the search at issue was unreasonable, resulting in the charges against him being dropped. *Heck* and *Shamaeizadeh* are not the controlling law on this issue. As discussed above, the controlling law is set forth in *Wallace* and *Fox*, both of which explicitly reject the contention that a Fourth Amendment §1983 suit cannot accrue until the underlying charges have been dropped. *Id.*

To recap: the search at issue occurred in October 2007; the Sixth Circuit found that search unreasonable in August 2011; the District Court dismissed the indictment against Plaintiff in September 2011; and Plaintiff filed this action in August 2012. Because there was no conviction existing at the time Plaintiff filed suit, the *Heck* bar is inapplicable, and the law of *Wallace / Fox* controls. Accordingly, the statute of limitations began to run after the October 30, 2007 search. Plaintiff had one year from that date in which to timely file suit. Plaintiff's August 30, 2007 filing is therefore untimely, and this action is time-barred.

For the foregoing reasons, the undesigned recommends that Defendant's Motion for Judgment on the Pleadings be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

4

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge